NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARIO PENA, | : |
| Petitioner, | : Civil No. 14-0857 (JBS) |
| v. | : |
| J.T. SHARTLE, | : **OPINION** |
| Respondent. | : |

**APPEARANCES:**

Mario Pena, Pro Se
#21344-055
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

Elizabeth Ann Pascal
Office of the U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE**, Chief Judge

Petitioner Mario Pena, currently confined at the Federal Correctional Institution at Fairton, New Jersey, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The Government answered the petition. For the following reasons, the petition must be dismissed.

## BACKGROUND

Petitioner seeks a writ of habeas corpus challenging his federal sentence computation. He alleges that the Bureau of Prisons ("BOP") miscalculated the amount of credit that should be applied to his federal sentence (Petition, Docket Item 1, at pp. 1-2). Petitioner seeks prior custody credit from December 18, 2011 to October 25, 2012, because he was "still held as a direct result of [his] federal docket . . . and at no time during this period did petitioner's custody status change." (*Id.* at 2).

Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Cocaine in the United States District Court for the Western District of New York, and sentenced to a term of 46 months with six years of supervised release to follow. His federal sentence was imposed on May 21, 2013. Assuming he receives his good conduct time ("GCT"), his projected release date is January 13, 2016. (Answer, Declaration of Kimberly Sutton ("Sutton Decl."), ¶ 8).

Prior to his federal sentence, Petitioner was arrested on November 22, 2011 by New York state for assault and weapons charges. (Answer, Declaration of Patrick Liotti ("Liotti Decl."), ¶¶ 5(g), 6(a)). On November 28, 2011, a federal criminal complaint was filed against Petitioner in the Western District of New York, because Petitioner, a known felon, knowingly possessed a firearm. A federal

indictment was returned against Petitioner on December 13, 2011. (*Id.* at ¶¶ 5(a), 6(b), 6(c)).

Petitioner has been in custody since November 28, 2011, the date of his arrest by New York authorities and the day he was charged with the New York crimes. On December 22, 2011, he was "borrowed" by federal authorities to process his federal charges, and made an initial appearance before a judge. After the appearance, he was remanded to state custody. Throughout 2012, Petitioner was charged and convicted of violations of conditional release and probation on different New York case numbers. He pled guilty to the federal charges on December 18, 2012, and was sentenced on May 21, 2013. (*See* Liotti Decl. and Exhibits).

Here, as noted, Petitioner seeks credit against his federal sentence from December 18, 2011 to October 25, 2012. According to the record of the case, New York awarded credit to Petitioner's state criminal sentences for violations of probation for that time period. In fact, the record demonstrates that all time served from January 5, 2012 to October 24, 2012, was credited against Petitioner's state sentence. (Liotti Decl., ¶ 6(n) and Document 3h). Besides that time, the Government provides documentation evidencing that Petitioner was awarded prior custody credit from November 22, 2011 through January 4, 2012, and from October 25, 2012 through May 20, 2013. (*Id.* at ¶¶ 12-13 and Document 3i).

3

## DISCUSSION

**A.     Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241 to consider Petitioner's claim that the Bureau of Prisons has miscalculated his sentence. *See Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011); *Vega v. United States*, 493 F.3d 310, 313 (3d Cir. 2007); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

**B.     Petitioner Did Not Exhaust Administrative Remedies.**

The Government first argues that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies.

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. *See* 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. *See* 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the

Warden signed the response. See 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. *See id.* Appeal to the General Counsel is the final administrative appeal. *See id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In this case, Petitioner plainly did not pursue exhaustion of his administrative remedies because he never filed an appeal from the Warden's denial of his request for credit. (Answer, Declaration of Deborah Cassity ("Cassity Decl."), ¶ 2 and Exhibits). Petitioner offers no explanation for his failure to exhaust administrative remedies.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g., Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Garcia v. United States*, 518 F. App'x 78, 79 (3d Cir. 2013) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). However, the United States Court of Appeals for the Third Circuit has held that the administrative exhaustion requirement may be excused if an attempt to obtain relief would be

5

futile or where the purposes of exhaustion would not be served. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n. 2 (3d Cir. 2005).

> The exhaustion doctrine promotes a number of goals:
>
> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

*See Brown v. Hughes*, Civil No. 12-4399(FLW), 2013 WL 2096634, *3 (D.N.J. May 14, 2013)(quoting *Goldberg v. Beeler*, 82 F. Supp.2d 302, 309 (D.N.J. 1999), *aff'd*, 248 F.3d 1130 (3d Cir. 2000)); *see also Moscato*, 98 F.3d at 761. Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility). Thus, under this doctrine, an inmate may file a § 2241 habeas petition challenging the BOP's execution of his sentence only after exhausting available remedies. *See United States v. Morel*, No. 12-2508, 2012 WL 6621463, *1 (3d Cir. Dec. 19, 2012).

Here, Petitioner has not attempted to exhaust administrative remedies. Nor has Petitioner alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would

6

be futile. Therefore, his petition must be dismissed for failure to exhaust.

**C.    Alternatively, the Petition is Without Merit.**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, *see United States v. Wilson*, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, *see* 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>     (1) as a result of the offense for which the sentence was imposed; or
>
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

7

**that has not been credited against another sentence.**
18 U.S.C. § 3585(a), (b) (emphasis added).

As stated above, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). *See also Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D.Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). Thus, a federal sentence does not commence when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody, s*ee Chambers*, 920 F. Supp. at 622, nor can a federal sentence commence on a date earlier than it was imposed, *see* BOP Program Statement 5880.28. Moreover, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

This Court finds that the BOP's determination as to the commencement of Petitioner's federal sentence is consistent with § 3585(a). Petitioner's federal sentence commenced on the day it was imposed, May 21, 2013, as he was in the primary jurisdiction of the State of New York and his federal sentence could not start any earlier than the date on which it was imposed. *See Shelvy v. Whitfield*, 718

F.2d 441, 444 (D.C.Cir. 1983); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir.1980).

As it appears that Petitioner was credited all time available, either to his state sentences or his federal sentence, Petitioner is not entitled to any of the credit he seeks and habeas relief must be denied.

## CONCLUSION

For the reasons set forth above, this Court finds that Petitioner failed to exhaust his administrative remedies prior to pursuing habeas relief, and the petition must be dismissed. This Court also finds in the alternative that the BOP correctly computed Petitioner's federal sentence and awarded all prior custody credit to which Petitioner is entitled under 18 U.S.C. § 3585(a).

An appropriate Order follows.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE, Chief Judge
                                        United States District Court

Dated: **November 14, 2014**